**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **LEE MENDELSON FILM PRODUCTIONS INC.,** | ) ) ) | |
| | ) | **Case No.:** 1:26-cv-3026 |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **BUCKLE-DOWN INC.** | ) ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Lee Mendelson Film Productions, Inc. ("Plaintiff" or "LMFP"), by and through its attorneys, Cowan, Liebowitz & Latman, P.C. and Law Offices of Marc Jacobson, PLLC, for its Complaint against Defendant Buckle-Down Inc. ("Defendant" or "Buckle-Down"), alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff owns certain intellectual property associated with the world-famous *Peanuts* animated television productions, film productions, and music catalog, including the copyright in the musical composition "Linus and Lucy" (the "Composition" or "Linus and Lucy"). The Composition was first used in the documentary *A Boy Named Charlie Brown* and first released on the 1964 album *Jazz Impressions of A Boy Named Charlie Brown*. The Composition is an iconic theme, associated with a beloved children's series and television Christmas classic special, and one of the most recognizable Christmas and jazz albums of all time. It is widely familiar to the American public as one of the most popular works of television music of all time.

1

2.      As the owner and steward of this musical and entertainment legacy, Plaintiff licenses the Composition to those who wish to use it for authorized purposes.  Even though there can be little doubt that music of this nature and stature requires a license for use, Defendant has exploited the Composition without authorization to advertise and promote its products on social media.

3.      Plaintiff brings this action pursuant to the Copyright Act of 1976, 17 USC § 101 *et seq.* as a result of Defendant's infringement and to protect the valuable copyright in the Composition and the history and goodwill it represents.

## PARTIES

4.      Plaintiff LMFP is a California corporation with its principal place of business located at 330 Primrose Rd., Ste. #215, Burlingame, California 94010.  LMFP was founded by Lee Mendelson, an award-winning, executive television producer.

5.      Upon information and belief, Defendant Buckle-Down Inc. is a corporation existing and organized under the laws of the State of New York with a principal place of business located at 900 Bromton Dr., Westbury, NY 11590.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal courts, and under 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

7.      This Court has personal jurisdiction over Buckle-Down because it is incorporated in New York and maintains a principal place of business in this District and is therefore "at home" within the District.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b), insofar as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

### 1.    Lee Mendelson Film Productions Background

9.     LMFP is a television and film production company and music publisher in Burlingame, California founded by Lee Mendelson.  LMFP has been operating since 1963.  It is best known for *Peanuts* animated television and film productions including *A Boy Named Charlie Brown* and *Snoopy*, *Come Home*, as well as several documentaries on Charles Schulz and his *Peanuts* characters.  Additionally, it produced *A Charlie Brown Christmas*, *It's the Great Pumpkin, Charlie Brown*, and *A Charlie Brown Thanksgiving*, along with over 50 other prime-time and other *Peanuts* classic specials, the classic *Garfield* specials, and scores of other entertainment and documentary productions.  Its founder, Lee Mendelson, is the executive-producer of the many *Peanuts* animated specials.  Lee Mendelson also co-wrote several of compositions with famed pianist and composer Vince Guaraldi, including the lyrics for "Christmas Time is Here," which has become a Christmas standard and jazz classic.

10.     LMFP had a 38-year relationship with Charles Schulz until his passing in 2000.  Schulz was the beloved American cartoonist and creator of the comic strip *Peanuts*, which features the characters Charlie Brown and Snoopy, among others.

11.     LMFP has produced over 12 prime time *Garfield* specials and a 121-program series *Garfield and Friends*.

12.     LMFP has also created over thirty prime time network specials, featuring stars such as Paul Newman, Gene Kelly, Lucille Ball, Bing Crosby, Flip Wilson, Whoopi Goldberg, and Henry Fonda, among others.

3

13.     LMFP has won numerous Emmy awards and its productions have achieved additional Emmy, Grammy and Oscar nominations.

14.     LMFP is the music publisher of much of the Vince Guaraldi Library of Charlie Brown music (along with other music).  This music, which includes the Composition, is famously associated with *Peanuts*.  The Composition also stands on its own as an enduringly popular and recognizable theme in American culture.

### 2.     "Linus and Lucy" Background

15.     LMFP administers and owns 100% of the copyright in the Composition.

16.     The Composition was composed by Vince Guaraldi and is among the body of music written, composed, and created for use in, or in connection with the *Peanuts* television and film productions.

17.     The Composition was duly registered with the United States Copyright Office on April 26, 1965, bearing Registration Number Eu 879495, listing Vincent Guaraldi as the author.  Exhibit A is a true and correct copy of the United States Copyright Registration No. Eu 879495.  The registration for the Composition was duly renewed on December 17, 1993, bearing Registration Number RE 650749.  Exhibit B is a true and correct copy of the renewal registration certificate for United States Copyright Registration No. RE 650749.  The estate of Vince Guaraldi assigned the copyright in the Composition to LMFP on December 17, 1990, and that assignment is recorded with the U.S. Copyright Office.  Exhibit C consists of true and correct copies of United States Copyright Office assignment recordation certificate Document Nos. V2604P223, V2604P233, V2604P243, V2604P253, V2604P263 and V2604P273, recorded on December 20, 1990.

4

18.     In addition to the *A Charlie Brown Christmas* special and other Peanuts programs, the Composition was released on the album "Jazz Impressions of A Boy Named Charlie Brown" in December 1964, and then on the album "A Charlie Brown Christmas" in December 1965, and was later re-released on the album "A Charlie Brown Christmas [2012 Remastered & Expanded Edition]."  The Composition has been recorded by many famous artists, including in 1994 by the Wynton Marsalis Septet on the album "Joe Cool's Blues"; in 1986, 1989, 2000, and 2020 by David Benoit on various albums; in 1996 by George Winston on his album "Linus & Lucy – The Music of Vince Guaraldi"; and in 2018 by Anderson Paak as a Spotify exclusive single. Thousands of other artists have also recorded the Composition.

19.     The Composition received gold certification by the Recording Industry Association of America ("RIAA") on May 10, 2019.

20.     The album, *A Charlie Brown Christmas*, which features the Composition, received Platinum certification by RIAA on September 30, 1996 and 5x Multi-Platinum certification by RIAA on May 10, 2022.

21.     The television special, *A Charlie Brown Christmas*, which features the Composition, received high ratings and acclaim from critics.  It has been honored with both an Emmy and a Peabody Award.

22.     By any reasonable measure, the Composition is an American classic widely known and beloved by millions of consumers.  The television special, *A Charlie Brown Christmas*, has been broadcast or streamed in the United States on an annual basis.  The show has aired on prime-time national network television during the Christmas season every year since its premiere on December 9, 1965 and has been made available on Apple TV to stream for free since 2020.

23.     On November 30, 2015, the *It's Your 50th Christmas, Charlie Brown* television special, which features the Composition, was released on network television in the United States. The television special produced by Lee Mendelson, Jason Mendelson, and Paul Miller received the Primetime Emmy Award for Outstanding Children's Program.

24.     LMFP has not granted any rights to TikTok to use the Composition for any purpose whatsoever.  With respect to Meta-owned platforms, including Instagram, LMFP has not granted rights that allow for the use of the Composition for commercial purposes.

**3.     Defendant and its Unauthorized Use and Exploitation of Linus and Lucy**

25.     Upon information and belief, Defendant Buckle-Down Inc. has manufactured and sold belt buckles and related accessories for 30 years.

26.     Upon information and belief, Defendant uses social media platforms, including TikTok, Instagram and other platforms, to market and promote its products and sometimes uses music to attract attention to its promotional social media posts.

27.     Buckle-Down and those acting on its behalf created, published, and distributed a promotional video that it posted on Instagram and TikTok, and possibly elsewhere, and that synchronized the Composition to video (the "Infringing Content").

28.     Upon information and belief, the Infringing Content was specifically created to and did drive consumer traffic and sales for Buckle-Down's *Peanuts*-branded products.  It served as a commercial advertisement for Buckle-Down's products via social media and used the fame and selling power of the Composition as a draw to attract interest in and potential purchases of Buckle-Down's products.

29.     Defendant's use of the Composition in its Infringing Content was not licensed or authorized by LMFP.  As noted above, LMFP has not granted any rights to TikTok to use the

6

Composition and has only granted rights to Instagram to use the Composition for non-commercial purposes. The use was thus unauthorized and constitutes copyright infringement.

30. Furthermore, Defendant's unauthorized use of the Composition is also a violation of TikTok's Music Terms of Service[1] and Meta's Terms of Service.[2]

31. Despite the need for a copyright license, Defendant copied the Composition without seeking any permission or license. Buckle-Down is a sophisticated entity with an understanding of intellectual property licensing, as it sells many licensed products. Given these circumstances, upon information and belief, Defendant's infringing conduct was therefore willful and/or reckless.

**FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT**

32. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

33. Plaintiff is the owner of the United States copyright in the Composition, entitled "Linus and Lucy," covered by Registration Number Eu 879495, and renewed on December 17, 1993 as reflected in Registration Number RE 650749.

34. Without authorization, Defendant used the Composition in promotional and advertising videos distributed on Instagram, TikTok and potentially elsewhere.

35. Defendant has infringed the copyright in the Composition by, without authorization, reproducing it in a copy, by preparing a derivative work incorporating the Composition, by distributing a copy to the public, and/or by publicly performing it, including by

---

[1] https://www.tiktok.com/legal/page/global/music-terms-eea/en ("Unless you've selected a sound from our list of Commercial Sounds, music should only be used for personal, non-commercial purposes. Any other use of music to sponsor, promote, co-brand or advertise or in a way that creates an association between the music and a brand, product, good or service is prohibited unless you have obtained separate permissions and all necessary rights.")
[2] http://facebook.com/legal/music_guidelines ("Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses.")

digital audio transmission.  This conduct constitutes infringement in violation of 17 U.S.C. § 106, *et seq*. and 501.

36.     Upon information and belief, Defendant's infringement of the Composition was willful and/or reckless.

37.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been substantially and irreparably harmed in an amount not readily capable of determination, and Plaintiff has no adequate remedy at law.  Plaintiff is accordingly entitled to a permanent injunction prohibiting further infringement of Plaintiff's valuable copyright.

38.     As a direct and proximate cause of Defendant's infringement, Plaintiff is entitled to its actual damages, as well as Defendant's profits attributable to the infringement and not taken into account in calculating actual damages, pursuant to 17 U.S.C. § 504(b), as proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to statutory damages of up to $150,000 per work infringed.

39.     Plaintiff is additionally entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and for the following relief:

A.     Judgment in favor of Plaintiff and against Defendant;

B.     A permanent injunction requiring that Defendant and its officers, agents, servants, employees, attorneys, directors, successors, assigns, licensees, and all others in active concert or participation with any of them, cease infringing Plaintiff's exclusive rights under copyright in the Composition or reproducing, distributing, making derivative works based on, or publicly performing the Composition or any other musical composition substantially similar thereto;

C.      An award of damages pursuant to 17 U.S.C. §504(b), including actual damages, and the profits of Defendant as will be proven at trial, or in the alternative, the maximum amount of statutory damages of $150,000, pursuant to 17 U.S.C. § 504(c) for infringement of the Composition;

D.      An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505;

E.      For pre-judgment and post-judgment interest according to law, as applicable; and

F.      For such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a trial by jury.

Dated:  May 20, 2026

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____

Jonathan Z. King (jzk@cll.com)
John S. Miranda (jsm@cll.com)
Avanthi M. Cole (amc@cll.com)
114 West 47th Street
New York, NY 10036
(212) 790-9200


LAW OFFICES OF MARC JACOBSON, PLLC

By: /s/ Marc Jacobson_____

Marc Jacobson
440 East 79th Street, 11th Fl
New York, NY 10075
(516) 459-0436
marc@marcjacobson.com

*Attorneys for Lee Mendelson Film Productions, Inc.*